## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

Hon:

Civil Action No: 13-11968-cv

LINDSAY MIDDLETON,

      Plaintiff,

V.

KEVIN C. BOLLAERT,

ERIC C. CHANSON,

ROY E. CHANSON,

AMY L. CHANSON, and

BLUE MIST MEDIA, LLC, a limited liability
company of unknown origin d/b/a "UGOTPOSTED"

      Defendants.

---

Ari Lehman (P68862)
Lehman Law PLLC
Attorney For Plaintiff
28175 Haggerty Road
Novi, MI 48375
248-859-4397
Fax: 866-591-3680
alehman@lehmanlawpllc.com

---

## COMPLAINT

      Plaintiffs Lindsay Middleton (hereinafter "Plaintiff") by and through her attorney Ari

Lehman of Lehman Law PLLC hereby files this complaint against Kevin C. Bollaert, Eric S.

Chanson, Roy E. Chanson, Amy L. Chanson, Blue Mist Media LLC, and "John Doe" (collectively, the "Defendants") and alleges as follows:

## SUMMARY OF ACTION

This is an action against the Defendants for violation of the Copyright Act, 17 U.S.C. §101 et seq.; Plaintiff's right to privacy; and related claims arising from the Defendants' unauthorized posting of Plaintiff's photograph and personal information on the Internet. By this action, Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, attorney's fees and costs, and all other relief to which Plaintiff may be entitled as a matter of law and as deemed appropriate by this Court.

Defendants Kevin C. Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC (the "Website Defendants") operate the website "UGotPosted," or "yougotposted.com." (hereinafter "Yougotposted.com") through which they distribute "involuntary" or "revenge" pornography.  The Website Defendants' business model that depends upon stealing or improperly obtaining sexually explicit photographs of unwitting victims -- photographs which these victims consider to be private and have not authorized anyone to distribute, much less disseminate to the general public.  Not only do the Website Defendants encourage and likely participate in this theft, they publish this involuntary pornography on the Internet for their personal financial gain.

Not content to simply publish these victims' photographs, the Website Defendants also engage in a form of stalking: the Defendants identify the subjects of the sexually explicit photographs, and then publish not only the sexually explicit photographs, but the victims' full names, where they live, and links to their personal Facebook pages, as well.  The Defendants do

not verify the ages of any of the subjects of the actual sexually explicit content that they publish, nor do they maintain any records as required by law.

The legitimate adult entertainment industry complies with 18 U.S.C. § 2257 and its complementary regulations within 28 C.F.R. § 75, requiring publishers of actual sexually explicit material to maintain certain records of their productions, including archived government-issued identification for models contained within the pornographic images. Producers must also maintain copies of these records kept pursuant to 18 U.S.C. § 2257 and make them available for inspection by law enforcement. In doing so, legitimate adult entertainment publishers obtain model releases, signed by the subjects of their work, to remove any doubt that the men and women in their productions are both adults and consenting parties to the commercial use of their likenesses.

## PARTIES

1.     Plaintiff is a Michigan resident, who currently resides in Washington Township, Michigan.

2.     Upon information and belief, Defendant Kevin C. Bollaert is an individual residing in San Diego, California.

3      Bollaert is an operator of the YouGotPosted website and has applied for a trademark for the site's mark with the United States Patent ant Trademark Office.

4      Bolleart is a partner with and alter-ego of Defendant Blue Mist Media LLC

5      Upon information and belief, Defendant Eric S. Chanson is an individual residing in the State of New Jersey and an operator of the YouGotPosted website.

6      Defendant Eric S. Chanson regularly communicated with and worked with Defendant Bollaert in running YouGotPosted.

3

7       Eric S. Chanson is a partner with and alter-ego of Defendant Blue Mist Media LLC.

8       Upon information and belief, Defendant Roy E. Chanson is an individual residing in the State of New Jersey and the father of Defendant Eric S. Chanson.

9       Upon information and belief, Roy E. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website.

10      Therefore, Defendant Roy E. Chanson is alleged to be a partner of Defendants Bollaert, and Eric S. Chanson within and as an alter-ego of Defendant Blue Mist Media LLC.

11      Upon information and belief, Defendant Amy L Chanson is an individual residing in the State of New Jersey and the mother of Defendant Eric S. Chanson.

12      Upon information and belief, Amy L. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website,.

13      Therefore, Defendant Amy L. Chanson is alleged to be a partner of Defendants Bollaert, and Eric S. Chanson within and as an alter-ego of Defendant Blue Mist Media LLC.

14      Upon information and belief, Defendant Blue Mist Media LLC ("Blue Mist") is an unincorporated business entity and is a partnership between, and alter ego of, Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, and Amy L. Chanson.

15      Each of the individual defendants provided valuable services to Blue Mist and m.aterially contributed to Blue Mist's operation of the YouGotPosted website along with its alter-egos.

**JURISDICTION AND VENUE**

16     This matter presents federal questions arising under statutes of the United States. This Court has jurisdiction over such federal questions pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1361.

17     This Court has supplemental jurisdiction over the subject matter of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

18     This Court has personal jurisdiction over Defendant Kevin C. Bollaert based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Michigan, including Plaintiff, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the State of Michigan.

19     This Court has personal jurisdiction over Defendant Eric S. Chanson based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Michigan, including Plaintiff, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the State of Michigan.

20     This Court has personal jurisdiction over Defendant Roy E. Chanson based upon the following: (a) he actively participates, and materially assists Eric S. Chanson, in operating websites on the World Wide Web that are accessible to and specifically target residents of the State of Michigan, including Plaintiff, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the State of Michigan.

21     This Court has personal jurisdiction over Defendant Amy L. Chanson based upon the following: (a) she actively participates, and materially assists Eric S. Chanson, in operating

5

websites on the World Wide Web that are accessible to and specifically target residents of the State of Michigan, including Plaintiff, and (b) she committed acts that she knew or should have known would cause injury to Plaintiff within the State of Michigan.

22    This Court has personal jurisdiction over Defendant Blue Mist Media LLC based upon the following: (a) it operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Michigan, including Plaintiff, and (b) it committed acts that it knew or should have known would cause injury to Plaintiff within the State of Michigan.

23    The Defendants specifically targeted the Michigan market by knowingly posting stolen sexually explicit photographs of Michigan residents, labeling them as such, and even listing the Michigan residents' names, addresses, and other personally identifying information. In doing so, they not only knowingly targeted Michigan residents, but did so with the knowledge that they were in Michigan, and that the brunt of the harm to them would be felt in Michigan.

24    Venue in the United States District Court for the Eastern District of Michigan is proper because Plaintiff resides within the district; one or more of the acts complained of herein occurred within this district; Defendants, through their website, directed their unlawful activities into this district, and Plaintiff's injuries were suffered within this district.

## ALLEGATIONS

25    Yougotposted.com is "revenge pornography" or "involuntary pornography" website. The purpose of these illicit website is to solicit and post suggestive and naked photos of persons without their consent or permission. Websites such as Yougotposted.com also solicit computer hackers to gain unauthorized access to files belonging to Plaintiff and similarly situated individuals for the purpose of uploading them to the website.

6

26     To further invade the privacy of their victims, Yougotposted.com posts the social media pages of their victims including, but not limited to their Facebook information, for the purpose of embarrassing and harassing them and/or encouraging others to embarrass and harass them.

27     Yougotposted.com does not obtain the permission of their victims prior to posting pornographic images of them (and the names of their hometowns) on the World Wide Web. Furthermore, Defendants do not verify the ages of their victims prior to posting naked photographs of them on the World Wide Web, a criminal act which violates 18 USC § 2257.

28     Defendants cannot claim "fair use" of any of the images they have misappropriated on their website because the illegal publication of child pornography and adult pornography (in violation of 18 U.S.C. § 2257) can never be lawful.

29     Plaintiff is a victim of the practices of Defendants described in the paragraphs above.  Specifically, Plaintiff alleges that Defendants committed these acts against her by obtaining unauthorized access to private social media accounts or using other methods of deceit and trickery to obtain the images of Plaintiff.

30     Plaintiff is the owner of the copyrighted images ("Copyrighted Photographs") infringed upon by the Defendants. The Copyrighted Photographs of Plaintiff have been registered with the United States Copyright Office with an effective date of April 30, 2013.

31     Plaintiff has suffered, and continues to suffer, harm arising from the foregoing wrongful conduct by the Defendants.  The unauthorized publication of Plaintiff's private information and Copyrighted Photographs and personal email address and contact information has affected Plaintiff's private life and the manner in which she is viewed among family, friends, and colleagues.

7

32      The Defendants' conduct has caused Plaintiff to suffer and continue to suffer from humiliation, embarrassment, and emotional distress.

33      Indeed she has received numerous unwanted Facebook solicitations and heard from numerous friends, and even family, that her nude pictures are on this website.

34      The Defendants' wrongful conduct has traumatized Plaintiff.

**COUNT ONE**
**VIOLATION OF COPYRIGHT ACT, 17 USC §501, et. seq.**

35      Plaintiff hereby incorporates by reference paragraphs 1 through 35 above in this First Count as though fully set forth herein.

36      Plaintiff is, and at all relevant times has been, the copyright owner of the Copyrighted Photographs.

37      The Copyright Act grants Plaintiff, among other rights, the exclusive right to reproduce and distribute the Copyrighted Photographs to the public.

38      The Defendants without Plaintiff's permission or consent, have used and continue to use the Copyrighted Photographs.

39      The Defendants have used and continue to use the Copyrighted Photographs in conjunction with the Yougotposted.com and related matters for which they seek profits, income, and fame.

40      In doing so, the Defendants have violated Plaintiff's exclusive right of reproduction and distribution.

41      The Defendants' actions constitute infringement of Plaintiff's copyright and her exclusive rights arising therefrom.

42      The Defendants seek to obtain revenue from Yougotposted.com and related matters.

43      Upon information and belief, the Defendants have obtained revenue from Yougotposted.com.

44      The publication of identifying information and materials from those who are displayed on Yougotposted.com, such as Plaintiff's Copyrighted Photograph and personal information, attracts more individual hits and views to Defendants' websites and, consequently, produces more revenue to Defendants.

45      The foregoing acts of infringement have been willful and intentional, in complete disregard of and with indifference to Plaintiff's rights.

46      As a result of the Defendants' infringement of Plaintiff's Copyrighted Photographs, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

47      Plaintiff is further entitled to her attorney's fees and costs pursuant to 17 U.S.C. § 505.

48      Unless enjoined and restrained by this Court, the Defendants will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. As such, Plaintiff has no adequate remedy at law for the harm caused by the Defendants.

49      Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief. Specifically, Plaintiff seeks to enjoin the defendants from further acts that would infringe Plaintiff's copyright; ordering the defendants to destroy all copies of Plaintiff's Copyrighted Photographs, and her personal information; and ordering the defendants to cooperate in the removal of Plaintiff's Copyrighted Photograph, and her personal information from any cached sites.

**COUNT TWO**
**DISCLOSURE OF EMBARRASSING PRIVATE FACTS**

50      Plaintiff hereby incorporate by reference paragraphs 1 through 49 in this Second Count as fully set forth herein.

50      By publishing the Copyrighted Photographs on Yougotposted.com, the Defendants disclosed private facts about Plaintiff without her authorization.

51      These private facts concerned her private, intimate life and her private, intimate activities, which she had a right to keep private.

52      These private facts included Plaintiff's engagement in erotic activities and other private conduct.

53      Defendants invaded the Plaintiff's privacy by obtaining this images without permission, and through deceit and in a manner that is objectionable to a reasonable person.

54      Plaintiff intended these facts and photographs to be and remain private.

55      The public disclosure of these private facts represents an intrusion upon the privacy of Plaintiff that is objectionable and highly offensive to a reasonable person.

56      Plaintiff's Copyrighted Photograph and the private facts contained therein were not of any legitimate public concern.

57      The public disclosure of Plaintiff's private facts has caused and continues to cause Plaintiff to suffer harm including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of privacy, mental anguish, trauma, and emotional distress.

WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from the Defendants' public disclosure of private facts.

## COUNT THREE
## INTRUSTION UPON SECLUSION

58      Plaintiff hereby incorporates by reference paragraphs 1 through 57 above in this Third Count as though fully set forth herein.

59      The Defendants made unauthorized intrusions upon Plaintiff's privacy and seclusion when they used deception to obtain information about the Plaintiff's private sex life in the form of Plaintiff's Copyrighted Photograph and other identifying information.

60      The Defendants made unauthorized intrusions upon Plaintiff's privacy and seclusion when they published Plaintiff's Copyrighted Photographs, and personal information to Yougotposted.com.

61      Plaintiff's personal images and information, the nature of the personal image, and the content of the Copyrighted Photograph all constituted and still constitute private matters upon which the Defendants intruded.

62      The unauthorized intrusions upon Plaintiff's privacy and seclusion in which the Defendants engaged is highly objectionable to a reasonable person.

63      In making such intrusions upon Plaintiff's seclusion, the Defendants acted with actual malice.

64      The Defendants' intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering. Moreover, the uncertainties of the extent of the intrusions continue to cause Plaintiff a great deal of anguish and suffering.

65      Plaintiff has suffered and continue to suffer damages as a result of the Defendants' intrusions upon her seclusion including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of privacy, mental anguish, trauma and emotional distress.

WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from the defendants' intrusions upon her seclusion.

## COUNT FOUR
## APPROPRITATION OF NAME OR LIKENESS

66    Plaintiff hereby incorporates by reference paragraphs 1 through 65 above in this Fourth Count as though fully set forth herein.

67    The Defendants appropriated Plaintiff's name and likeness for pecuniary advantage.

68    Plaintiff can be identified from the publication.

69    The name and likeness that they used was in fact Plaintiff and used in reference to Plaintiff; and

70    Plaintiff has suffered injury as a result of the Defendants' appropriation.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71    Plaintiff hereby incorporate by reference paragraphs 1 through 70 above in this Fourth Count as though fully set forth herein.

72    The Defendants acted intentionally or recklessly in publishing private photographs of  Plaintiff obtained and used without their authorization, on the World Wide Web.

73    The conduct of the Defendants was extreme and outrageous and would shock the conscious of an ordinary person.

74    The emotional distress suffered by Plaintiff is severe and the Defendants' conduct was the proximate cause of Plaintiff's emotional distress.

12

WHEREFORE, Plaintiff seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from the defendants' intentional infliction of emotional distress.

**COUNT SIX**
**INJUNCTIVE RELIEF**

75     Plaintiff hereby incorporates by reference paragraphs 1 through 75 above in this Sixth Count as fully set forth herein.

76      Plaintiff possess a clearly ascertainable right or protectable interest that will suffer irreparable damage in the absence of injunctive relief. Particularly, Plaintiff has an exclusive right to reproduce and distribute the Copyrighted Photographs to the public; have the right and interest in protecting her reputation; and the right and interest in keeping her private facts and personal images private.

77     Further, the Defendants are using Plaintiff's Copyrighted Photograph for profit, notoriety, and fame.  The Defendants are not just posting Plaintiff's Copyrighted Photograph, and personal information, they are benefiting at Plaintiff's expense.

78     Absent injunctive relief, Plaintiff's reputation will continue to be harmed unjustifiably.

79     Absent injunctive relief, the Defendants may keep posting the Copyrighted Photographs and Plaintiff's personal information to the Internet without Plaintiff's authorization.

80     Mere compensation at law can only possibly provide Plaintiff with compensation for injuries up to the present and cannot compensate for the continued and future injuries to which the Defendants' actions may place Plaintiff's personal life and reputation in the future.

81      It remains difficult if not impossible to calculate the damages arising from the Defendants' posting Plaintiffs' Copyrighted Photograph, and personal information. It becomes almost impossible to calculate the damages arising from the Defendants' continued posting of Plaintiff's Copyrighted Photograph, personal email address and information and the harm to Plaintiff's reputation.

82      Plaintiff therefore has an inadequate remedy at law.

WHEREFORE, Plaintiff seeks a preliminary and permanent injunction enjoining and/or compelling the Defendants to do the following:

a.      Immediately remove and/or disable access, content, and viewing capabilities of the   Copyrighted   Photograph,   and   information   on   www.yougotposted.com, www.ugotposted.com, and any other successor website now known or later developed;

b.      Immediately cease and desist from any further conduct enabling the Copyrighted Photograph, and personal information from being displayed, distributed, or accessed over the Internet;

c.      Make all reasonable efforts to remove all cached information on any additional search engine sites and cooperate with third party efforts to do so;

d.      Notify Plaintiff should the defendants discover any additional information relating to the Copyrighted Photograph, or personal information;

e.      Destroy all electronic copies of the Copyrighted Photograph;

f.      Delete all hard copies of the Copyrighted Photograph;

g.      Allow an expert to confirm the Copyrighted Photograph has been permanently destroyed; and

h.     Refrain from reposting or causing to be reposted Plaintiff's Copyrighted

Photographs, or personal email address and contact information.

## **PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

(1)     That the Court enter a judgment declaring that the Defendants have willfully

infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501;

(2)     That the Court issues an injunction providing that Defendant:

a.     Immediately remove and/or disable access, content, and viewing

capabilities of the   Copyrighted Photograph, and personal information on

www.yougotposted.com, www.ugotposted.com, and any other successor website

now known or later developed;

b.     Immediately cease and desist from any further conduct enabling the

Copyrighted Photograph, and personal email address and identifying information

from being displayed, distributed, or accessed over the Internet;

c.     Make all reasonable efforts to remove all cached information on any

additional search engine sites and cooperate with third party efforts to do so;

d.     Notify Plaintiff should the Defendants discover any additional information

relating to Copyrighted Photograph, or personal information;

e.     Destroy all electronic copies of the Copyrighted Photograph;

f.     Delete all hard copies of the Copyrighted Photograph;

g.     Allow an expert to confirm the Copyrighted Photograph has been

permanently destroyed; and

      h.     Refrain from reposting or causing to be reposted Plaintiff's Copyrighted Photographs, or personal email address and contact information.

(3)     Statutory damages for each infringement of Plaintiff's Copyrighted Photographs pursuant to 17 U.S.C. § 504 in an amount to be proven at trial. Or, if the Court finds the Defendants' acts were willful in nature, justifying an award of up to $150,000 per infringement, not less than $10,000 for each of the direct infringements.

(4)     That Defendant pay to the Plaintiff her reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7)     That the Defendant pay the Plaintiff the costs of this action; and

(8)     General compensatory damages, punitive damages, and attorney's fees and costs resulting from the Defendants' actions as referenced in counts two through five as set forth herein.

(9)     For such other and further relief, either at law or in equity, general or special, to which Plaintiff may be entitled.

DATED: May 1, 2013

                          /s/   Ari Lehman_____
                         Ari Lehman
                         Lehman Law PLLC
                         28175 Haggerty Road
                         Novi, MI 48377
                         248-859-4397
                         Fax 866-591-3680
                         **alehman@lehmanlawpllc.com**